FILED

17 MAY 17 PM 4:56

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY MPL
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2016 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BLESSINGS, INC. (1),<br>　aka Blessing Seafood, Inc.,<br>DAVID MAYORQUIN (2),<br>RAMON TORRES MAYORQUIN (3),<br><br>　　　　　Defendants. | Case No. **17CR1254BEN**<br><br><u>I N D I C T M E N T</u><br><br>Title 18, U.S.C., Sec. 371 - Conspiracy; Title 16, U.S.C., Secs. 3372(a)(2)(A) and 3373(d)(1)(A) - Unlawful Importation of Wildlife; Title 18, U.S.C., Sec. 545 - Importation Contrary to Law; Title 16, U.S.C., Secs. 3372(d)(1) and 3373(d)(3)(A)(i) - False Labeling; Title 18, U.S.C., Sec. 2 - Aiding and Abetting; Title 18, U.S.C., Sec. 982(a)(2)(B) - Criminal Forfeiture |

The grand jury charges, at all times relevant herein:

### INTRODUCTORY ALLEGATIONS

1.　Defendant BLESSINGS, INC. ("BLESSINGS"), also known as Blessing Seafood, Inc., was an Arizona corporation located in Tucson, Arizona. As part of its business activities, BLESSINGS purchased sea cucumber in Mexico, imported it into the United States, and then exported some of it to Asia.

MKP:nlv(2):San Diego
5/17/17

2.  Defendant DAVID MAYORQUIN was the President and one of the owners of BLESSINGS, and the son of co-defendant RAMON TORRES MAYORQUIN. DAVID MAYORQUIN was responsible for ordering the sea cucumber from the suppliers, primarily in the Yucatan area of Mexico, and authorizing payments to vendors. DAVID MAYORQUIN also handled the sale of the sea cucumber to customers in Asia and the United States.

3.  Defendant RAMON TORRES MAYORQUIN was an employee and agent of BLESSINGS and the father of co-defendant DAVID MAYORQUIN. RAMON TORRES MAYORQUIN was responsible for receiving the sea cucumbers after they were transported to Tijuana, Mexico, and then arranging for the importation of the sea cucumbers into the United States through the Otay Mesa Port of Entry in San Diego, California.

4.  BLESSINGS had been issued a U.S. Fish and Wildlife Service ("FWS") import/export permit, allowing it to import and export sea cucumber into and out of the United States. During the period from 2010 to 2012, the permit holder was identified as "Blessing, Inc." at the home address of Ramon Torres Mayorquin in Chula Vista. The principle officer was identified on the permit as "Ramon Mayorquin, owner."

5.  A FWS import/export permit is required for the importation and exportation of fish and wildlife for commercial purposes, pursuant to 16 U.S.C. §1538(d)(1), and 50 C.F.R. §14.91. Federal law further requires that a declaration form (form 3-177) be presented to FWS with each import and export, pursuant to 50 C.F.R. §14.61 and 50 C.F.R. §14.63, respectively.

6.  To obtain Customs clearance of wildlife imported into the United States, an importer must provide all permits or other documents required by the laws or regulations of any foreign country. 50 C.F.R. §14.52(c)(3).

7. The General Law on Sustainable Fishing and Aquaculture ("the SFA") establishes the basic regulatory scheme for fishing within the jurisdiction of Mexico. Pursuant to Articles 40 and 41 of the SFA, a license and/or a permit is required for commercial fishing in Mexico. Article 75 of the SFA requires that the lawful origin of fisheries products be demonstrated by means of an arrival, harvest, production, or collection notice or an import permit and requires that all fiscal vouchers issued for the marketing of fisheries products include the pertinent permit or license number. Article 76 of the SFA further requires a fisheries waybill for the transportation of fisheries products. Pursuant to Article 132 of the SFA, it is a violation of law to fail to demonstrate the lawful origin of fisheries products.

8. It is a further violation of Article 132 of the SFA to harvest, possess, transport, or sell a species out of season, or of less than the minimum established size and weight, or to harvest a species in excess of permit limits or without a proper license or permit.

9. In addition to the SFA, Mexico has enacted the Regulations of the Fisheries Law ("the Regulations"). Article 10 of the Regulations requires that the legal origin of fisheries products be certified by the notice of arrival, harvest, production or collection. Article 13 of the Regulations provides that the original sales invoice for fisheries products must bear the number associated with the notice of arrival, harvest, production or collection, as well as a description of the product, and all subsequent invoices must bear the number of the invoice from which it derived, so that all fisheries products sold in Mexico can be traced to their lawful origins.

10. Article 26 of the Regulations requires that anyone in possession of a species after the season closes for that species must

provide an inventory of their remaining product within three working days to the government or the catch will be considered to have been captured in violation of law.

### Count 1

### Conspiracy - 18 U.S.C. § 371

11. Paragraphs 1 through 10 of the Introductory Allegations are incorporated herein as if set forth in full.

12. Beginning on date unknown but at least as early as February 3, 2010, and continuing up to and including at least on or about July 22, 2012, within the Southern District of California and elsewhere, defendants BLESSINGS, INC., aka Blessing Seafood, Inc., ("BLESSINGS"), DAVID MAYORQUIN and RAMON TORRES MAYORQUIN did knowingly and willfully conspire with each other and with others in Mexico and China to commit offenses against the laws of the United States, to wit:

    a.  to knowingly import merchandise contrary to law, by knowingly effecting the entry of goods upon a false classification as to value, in violation of Title 18, United States Code, Section 541; and knowingly submitting a false record, to wit, form 3-177, for fish or wildlife which was intended to be imported, which was false as to the stated value, in violation of Title 16, United States Code, Sections 3372(d) and 3373(d)(3)(A) and 50 C.F.R. §14.61, all in violation of Title 18, United States Code, Section 545;

    b.  to knowingly export merchandise contrary to law, by knowingly exporting fish and wildlife without a declaration form 3-177, in violation of Title 16, United

4

States Code, Sections 1538(e) and 1540(b)(1); in violation of Title 18, United States Code, Section 554;

c. to knowingly import, export, sell, transport, or purchase in interstate or foreign commerce any fish or wildlife, knowing such fish or wildlife has been taken, possessed, transported, or sold in violation of any foreign law, in violation of Title 16, United States Code, Section 3372(a)(2)(A); and

d. in a matter involving the importation of fish and wildlife, to knowingly make and submit any false record for any fish and wildlife which has been or is intended to be imported and received from any foreign country, in violation of Title 16, United States Code, Section 3372(d)(1).

13. It was a method and means of the conspiracy that defendant DAVID MAYORQUIN, on behalf of BLESSINGS, contacted suppliers of sea cucumber in Mexico, and agreed to purchase approximately $13 million worth of sea cucumber, knowing that the purchase of the sea cucumber was not accompanied by an invoice bearing information allowing the product to be traced to its lawful origins, or by a guia de pesca (the equivalent of a transportation permit), allowing lawful transportation of the product through Mexico, and knowing that the sea cucumber had been illegally harvested, that is, in excess of permit limits, or without a proper license or permit, or out of season.

14. It was a further method and means of the conspiracy that defendant DAVID MAYORQUIN, on behalf of BLESSINGS, made payments for sea cucumber to bank accounts held under false names to conceal the illegal sales and disguise the ownership of the proceeds.

15. It was a further method and means of the conspiracy that defendant DAVID MAYORQUIN, on behalf of BLESSINGS, authorized payments made to individuals in Mexico, directing those individuals to make payments to Mexican officials with authority over the harvest, sale and transportation of sea cucumber, in order to insure that the Mexican officials did not take action against the illegally harvested, sold and transported sea cucumber purchased by BLESSINGS.

16. It was a further method and means of the conspiracy that defendant RAMON MAYORQUIN received the shipments of sea cucumbers from the Yucatan in Tijuana, Mexico, on behalf of BLESSINGS. Knowing that the sea cucumbers had been illegally harvested, sold and transported, and lacked a proper Mexican invoice capable of tracing the sea cucumber to any lawful origin, defendant RAMON TORRES MAYORQUIN caused the creation of fraudulent sales invoices to be submitted to U.S. officials at the time importation which falsely represented defendant RAMON TORRES MAYORQUIN to be the supplier of the sea cucumber to BLESSINGS, from a non-existent address in Mexico, for a price less than one tenth of the true price paid by BLESSINGS for the sea cucumber.

17. It was a further method and means of the conspiracy that after the sea cucumber had been imported into the United States, defendant DAVID MAYORQUIN sold the sea cucumber on behalf of BLESSINGS for approximately $17.5 million to customers in China and elsewhere, and caused sea cucumber to be exported China on behalf of BLESSINGS without the filing of a form 3-177 with FWS for any of the exports.

//
//
//
//

**OVERT ACTS**

18. In furtherance of the conspiracy, the following overt acts were committed within the Southern District of California and elsewhere:

    a. On or about January 23, 2010, in Tucson, Arizona, on behalf of defendant BLESSINGS, INC., defendant DAVID MAYORQUIN purchased 720 kg of sea cucumber without an invoice from the supplier.

    b. On or about April 22, 2010, in Otay Mesa, California, defendant BLESSINGS, INC. imported 1500 kg of sea cucumber into the United States from Mexico, falsely declaring the value as $2400.

    c. On or about May 6, 2010, in Otay Mesa, California, defendant BLESSINGS, INC. imported 7,700 kg of sea cucumber from Mexico into the United States falsely declaring the value as $12,320.

    d. On or about May 6, 2010, defendant RAMON TORRES MAYORQUIN caused the creation of an invoice for the purpose of importing sea cucumber which falsely described him as the supplier, at a non-existent address, at a value substantially less than what was actually paid for the product.

    e. On or about June 17, 2010, in Otay Mesa, California, defendant BLESSINGS, INC. imported 6,560 kg of sea cucumber from Mexico into the United States falsely declaring the value as $10,496.

    f. On or about June 17, 2010, defendant RAMON TORRES MAYORQUIN caused the creation of an invoice for the purpose of importing sea cucumber which falsely described

7

   him as the supplier, at a non-existent address, at a value substantially less than what was actually paid for the product.

g. On or about June 28, 2010, in Otay Mesa, California, defendant BLESSINGS, INC. imported 5,300 kg of sea cucumber from Mexico into the United States falsely declaring the value as $8,480.

h. On or about June 28, 2010, defendant RAMON TORRES MAYORQUIN caused the creation of an invoice for the purpose of importing sea cucumber which falsely described him as the supplier, at a non-existent address, at a value substantially less than what was actually paid for the product.

i. On or about January 31, 2011, in Otay Mesa, California, defendant BLESSINGS, INC. imported 1,008 kg of sea cucumber from Mexico into the United States falsely declaring the value as $1,310.

j. On or about January 31, 2011, defendant RAMON TORRES MAYORQUIN caused the creation of an invoice for the purpose of importing sea cucumber which falsely described him as the supplier, at a non-existent address, at a value substantially less than what was actually paid for the product.

k. On or about April 15, 2011, in Tucson, Arizona, an employee of BLESSINGS INC. sent an email to a bank employee, directing the transfer of funds equivalent to 100,000 pesos to be delivered to a Mexican official with

authority over the harvesting, transportation and sale of sea cucumber.

l.  On or about April 26, 2011, in Mexico, a co-conspirator sent an email to defendant DAVID MAYORQUIN, stating, in substance, "I hope you're aware that you are asking for nearly 17 tons and we have no papers for that amount since Carlos' entire product is without invoice. Nearly 10 tons would be traveling without papers…"

m.  On or about April 28, 2011, in Otay Mesa, California, defendant BLESSINGS, INC. imported 13,500 kg of sea cucumber from Mexico into the United States falsely declaring the value as $17,550.

n.  On or about April 28, 2011, defendant RAMON TORRES MAYORQUIN caused the creation of an invoice for the purpose of importing sea cucumber which falsely described him as the supplier, at a non-existent address, at a value substantially less than what was actually paid for the product.

o.  On or about May 5, 2011, in Otay Mesa, California, defendant BLESSINGS, INC. imported 7,535 kg of sea cucumber from Mexico into the United States falsely declaring the value as $9,795.

p.  On or about May 5, 2011, defendant RAMON TORRES MAYORQUIN caused the creation of an invoice for the purpose of importing sea cucumber which falsely described him as the supplier, at a non-existent address, at a value substantially less than what was actually paid for the product.

q. On or about May 21, 2011, in Mexico, a co-conspirator forwarded to defendant DAVID MAYORQUIN copies of documents relating to a forfeiture proceeding in Mexico wherein sea cucumber owned by the co-conspirator had been seized by the Mexican government for failure to demonstrate its lawful origin.

r. On or about June 2, 2011, in Tucson, Arizona, the accounts payable clerk from BLESSINGS sent an email to a sea cucumber supplier in Mexico, stating, in substance, "I thank you in advance for sending us the invoices with the information. Either way there is a small problem, invoices do not have enough information to be considered as invoices. I took the liberty of changing the first invoice and resent the document so the change can be used as a template to change the rest of the invoices."

s. On or about June 29, 2011, in Otay Mesa, California, defendant BLESSINGS, INC. imported 16,860 kg of sea cucumber from Mexico into the United States falsely declaring the value as $21,818.

t. On or about June 29, 2011, defendant RAMON TORRES MAYORQUIN caused the creation of an invoice for the purpose of importing sea cucumber which falsely described him as the supplier, at a non-existent address, at a value substantially less than what was actually paid for the product.

//
//
//

u. On or about June 30, 2011, in Mexico, a co-conspirator sent an email to defendant DAVID MAYORQUIN stating, in substance, "We want what is owed in freight to be your contribution for the bribe, 32K."

v. On or about July 18, 2011, in Otay Mesa, California, defendant BLESSINGS, INC. imported 13,248 kg of sea cucumber from Mexico into the United States falsely declaring the value as $17,222.

w. On or about July 18, 2011, defendant RAMON TORRES MAYORQUIN caused the creation of an invoice for the purpose of importing sea cucumber which falsely described him as the supplier, at a non-existent address, at a value substantially less than what was actually paid for the product.

x. On or about September 7, 2011, in Otay Mesa, California, defendant BLESSINGS, INC. imported 2,225 kg of sea cucumber from Mexico into the United States falsely declaring the value s $2,893.

y. On or about September 7, 2011, defendant RAMON TORRES MAYORQUIN caused the creation of an invoice for the purpose of importing sea cucumber which falsely described him as the supplier, at a non-existent address, at a value substantially less than what was actually paid for the product.

z. On or about March 30, 2012, in Los Angeles, defendant BLESSINGS, INC. exported 11,980 kg of sea cucumber with a declared value of $143,760 to Taiwan without filing a FWS form 3-177.

      aa.    On or about March 30, 2012, in Los Angeles, defendant BLESSINGS, INC. exported 10,011.5 kg of sea cucumber with a declared value of $120,138 to Hong Kong without filing a FWS form 3-177.

      bb.    On or about April 9, 2012, in Los Angeles, defendant BLESSINGS, INC. exported 10,420 kg of sea cucumber with a declared value of $125,040 to Taiwan without filing a FWS form 3-177.

      cc.    On or about June 17, 2012, in Los Angeles, defendant BLESSINGS, INC. exported 9,125 kg of sea cucumber with a declared value of $109,510 to Taiwan without filing a FWS form 3-177.

      dd.    On or about July 9, 2012, at the Otay Mesa Port of Entry in San Diego, defendant BLESSINGS, INC. imported 10,216 kg of sea cucumber falsely declaring the value as $13,280 purchased after the fishing season for sea cucumber in Mexico had closed.

      ee.    On or about July 9, 2012, defendant RAMON TORRES MAYORQUIN caused the creation of an invoice for the purpose of importing sea cucumber which falsely described him as the supplier, at a non-existent address, at a value substantially less than what was actually paid for the product.

      ff.    On or about July 22, 2012, in Los Angeles, defendant BLESSINGS, INC. exported 10,918.5 kg of sea cucumber with a declared value of $131,022 to Taiwan without filing a FWS form 3-177.

All in violation of Title 18, United States Code, Section 371.

## Counts 2-8

### Unlawful Importation of Wildlife –

### 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(A)

19. Paragraphs 1 through 10 of the Introductory Allegations are incorporated herein as if set forth in full herein.

20. On or about the dates set forth below, within the Southern District of California, defendants BLESSINGS, INC., aka Blessing Seafood, Inc., DAVID MAYORQUIN and RAMON TORRES MAYORQUIN did knowingly import in interstate and foreign commerce fish and wildlife, that is, sea cucumber, that had been taken, possessed, transported, and sold in violation of Mexican law, to wit: Articles 40, 41, 75, 76 and 132 of the General Law on Sustainable Fishing and Aquaculture and Articles 10, 13 and 26 of the Regulations of the Fisheries Law, knowing that such fish and wildlife had been taken, possessed, transported, and sold in violation of said Mexican law:

| Count | Date |
|---|---|
| 2 | 1-18-11 |
| 3 | 1-31-11 |
| 4 | 5-5-11 |
| 5 | 7-8-11 |
| 6 | 7-18-11 |
| 7 | 9-7-11 |
| 8 | 7-9-12 |

All in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(A); and Title 18, United States Code, Section 2.

//
//
//

## Counts 9-17

### Importation Contrary to Law - 18 U.S.C. § 545

21. Paragraphs 1 through 6 of the Introductory Allegations are incorporated herein as if set forth in full herein.

22. On or about the dates set forth below, within the Southern District of California, defendants BLESSINGS, INC., aka Blessing Seafood, Inc., DAVID MAYORQUIN and RAMON TORRES MAYORQUIN did knowingly import merchandise into the United States, that is, sea cucumber, contrary to law, in that:

    a. they knowingly effected the entry of such merchandise upon a false classification as to value, in violation of Title 18, United States Code, Section 541; and

    b. they knowingly submitted a false record, to wit, form 3-177, for fish or wildlife which was intended to be imported, which was false as to the stated value, in violation of Title 16, United States Code, Sections 3372(d) and 3373(d)(3)(A) and 50 C.F.R. §14.61;

| Count | Date |
|-------|---------|
| 9 | 9-22-10 |
| 10 | 1-18-11 |
| 11 | 1-31-11 |
| 12 | 4-28-11 |
| 13 | 5-5-11 |
| 14 | 7-8-11 |
| 15 | 7-18-11 |
| 16 | 9-7-11 |
| 17 | 7-9-12 |

All in violation of Title 18, United States Code, Sections 545 and 2.

## Counts 18-26

**False Labeling – 16 U.S.C. §§3372(d)(1) and 3373(d)(3)(A)(i)**

23. Paragraphs 1 through 6 of the Introductory Allegations are incorporated herein as if set forth in full herein.

24. On or about the dates set forth below, within the Southern District of California, defendants BLESSINGS, INC., aka Blessing Seafood, Inc., DAVID MAYORQUIN and RAMON TORRES MAYORQUIN did, in a matter involving the importation of fish and wildlife, knowingly make and submit a false record, to wit, a commercial invoice for sea cucumber falsely representing the name and address of the seller, for fish and wildlife which had been and was intended to be imported and received from a foreign country:

| Count | Date |
|-------|------|
| 18 | 9-22-10 |
| 19 | 1-18-11 |
| 20 | 1-31-11 |
| 21 | 4-28-11 |
| 22 | 5-5-11 |
| 23 | 7-8-11 |
| 24 | 7-18-11 |
| 25 | 9-7-11 |
| 26 | 7-9-12 |

All in violation of Title 16, United States Code, Sections 3372(d)(1) and 3373(d)(3)(A)(i); and Title 18, United States Code, Section 2.

//
//
//
//

**FORFEITURE ALLEGATION**

25. Paragraphs 1 through 10 of the Introductory Allegations are incorporated herein as if set forth in full herein.

26. Upon conviction for the offense charged in Count 1 of this Indictment, defendants BLESSINGS INC., aka Blessing Seafood, Inc., DAVID MAYORQUIN and RAMON TORRES MAYORQUIN, shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to such violation, including but not limited to $4.5 million in U.S. currency, in violation of Title 18, United States Code, Section 982(a)(2)(B).

27. Upon conviction for the offense charged in Count 9 of this Indictment, defendants BLESSINGS INC., aka Blessing Seafood, Inc., DAVID MAYORQUIN and RAMON TORRES MAYORQUIN, shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to such violation, including but not limited to $94,354 in U.S. currency, in violation of Title 18, United States Code, Section 982(a)(2)(B).

28. Upon conviction for the offense charged in Count 10 of this Indictment, defendants BLESSINGS INC., aka Blessing Seafood, Inc., DAVID MAYORQUIN and RAMON TORRES MAYORQUIN, shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to such violation, including but not limited to $33,946 in U.S. currency, in violation of Title 18, United States Code, Section 982(a)(2)(B).

29. Upon conviction for the offense charged in Count 11 of this Indictment, defendants BLESSINGS INC., aka Blessing Seafood, Inc., DAVID MAYORQUIN and RAMON TORRES MAYORQUIN, shall forfeit to the United States all property, real or personal, which constitutes or is derived from

proceeds traceable to such violation, including but not limited to $10,386 in U.S. currency, in violation of Title 18, United States Code, Section 982(a)(2)(B).

30. Upon conviction for the offense charged in Count 12 of this Indictment, defendants BLESSINGS INC., aka Blessing Seafood, Inc., DAVID MAYORQUIN and RAMON TORRES MAYORQUIN, shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to such violation, including but not limited to $81,000 in U.S. currency, in violation of Title 18, United States Code, Section 982(a)(2)(B).

31. Upon conviction for the offense charged in Count 13 of this Indictment, defendants BLESSINGS INC., aka Blessing Seafood, Inc., DAVID MAYORQUIN and RAMON TORRES MAYORQUIN, shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to such violation, including but not limited to $67,815 in U.S. currency, in violation of Title 18, United States Code, Section 982(a)(2)(B).

32. Upon conviction for the offense charged in Count 14 of this Indictment, defendants BLESSINGS INC., aka Blessing Seafood, Inc., DAVID MAYORQUIN and RAMON TORRES MAYORQUIN, shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to such violation, including but not limited to $20,625 in U.S. currency, in violation of Title 18, United States Code, Section 982(a)(2)(B).

33. Upon conviction for the offense charged in Count 15 of this Indictment, defendants BLESSINGS INC., aka Blessing Seafood, Inc., DAVID MAYORQUIN and RAMON TORRES MAYORQUIN, shall forfeit to the United States all property, real or personal, which constitutes or is derived from

proceeds traceable to such violation, including but not limited to $145,728 in U.S. currency, in violation of Title 18, United States Code, Section 982(a)(2)(B).

34. Upon conviction for the offense charged in Count 16 of this Indictment, defendants BLESSINGS INC., aka Blessing Seafood, Inc., DAVID MAYORQUIN and RAMON TORRES MAYORQUIN, shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to such violation, including but not limited to $24,475 in U.S. currency, in violation of Title 18, United States Code, Section 982(a)(2)(B).

35. Upon conviction for the offense charged in Count 17 of this Indictment, defendants BLESSINGS INC., aka Blessing Seafood, Inc., DAVID MAYORQUIN and RAMON TORRES MAYORQUIN, shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to such violation, including but not limited to $10,216 in U.S. currency, in violation of Title 18, United States Code, Section 982(a)(2)(B).

36. If any of the above-described forfeitable property, as a result of any act or omission of defendants BLESSINGS, INC., aka Blessing Seafood, Inc., DAVID MAYORQUIN or RAMON TORRES MAYORQUIN:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third person;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be subdivided without difficulty;

//

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of defendants up to the value of the forfeitable property alleged above as being subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(2)(B).

Dated: May 17, 2017.

A TRUE BILL:

_Susan Duffy_
Foreperson

ALANA W. ROBINSON
Acting United States Attorney

By: _____
MELANIE K. PIERSON
Assistant U.S. Attorney