1        IN THE UNITED STATES DISTRICT COURT

2       FOR THE SOUTHERN DISTRICT OF CALIFORNIA

3  UNITED STATES OF AMERICA,     )
                             )

4         Plaintiff,       )
                             )

5  v.                     )  April 11, 2018
                             )

6  BLESSINGS, INC. (1),      )  No. 3:17-CR-1254-BEN
  DAVID MAYORQUIN (2),      )

7  RAMON TORRES MAYORQUIN (3),   )
                             )  Courtroom 2B

8         Defendants.      )
  _____)  San Diego, California

9

10

11

12

13      TRANSCRIPT OF DIGITALLY RECORDED PROCEEDINGS
               (Change of Pleas)

14

15

16     BEFORE THE HONORABLE JAN M. ADLER, MAGISTRATE JUDGE

17

18

19

20

21

22  COURT REPORTER:      AMANDA M. LeGORE
                      RDR, CRR, CRC, FCRR, OCE

23                      U.S. District Court
                      333 West Broadway, Suite 420

24                      San Diego, CA 92101
                      amanda_legore@casd.uscourts.gov

25

```
 1   APPEARANCES:
     FOR THE PLAINTIFF:        MELANIE PIERSON
 2                             U.S. Attorney's Office
                               Southern District of California
 3                             880 Front Street, Room 6293
                               San Diego, CA  92101-8893
 4                             (619)557-5610

 5
     FOR DEFENDANT BLESSINGS,
 6   INC., AND DAVID
     MAYORQUIN:                DAVID WILLINGHAM
 7                             Boies Schiller Flexner, LLP
                               725 S. Figueroa Street, 31st Floor
 8                             Los Angeles, CA  90017
                               (213)629-9040
 9

10   FOR DEFENDANT RAMON
     MAYORQUIN:                GREGORY VEGA
11                             Seltzer Caplan McMahon Vitek
                               750 B Street, Suite 2100
12                             San Diego, CA  92101
                               (619)685-3003
13

14

15   THE INTERPRETER:         PAULA NAVARRO-GOMEZ

16

17

18

19

20

21

22

23

24

25
```

1     (Wednesday, April 11, 2018; 2:32 p.m.)

2

3      P R O C E E D I N G S

4

5    THE CLERK:  Calling matter No. 5 on the calendar,

6 17-CR-1254, the United States of America versus Blessings, Inc.

7    MS. PIERSON:  Your Honor, Melanie Pierson appearing

8 on behalf of the United States.  Good afternoon.

9    THE COURT:  Good afternoon.

10    MR. WILLINGHAM:  Good afternoon, your Honor.  David

11 Willingham appearing on behalf of Blessings, Inc., along with a

12 corporate representative, David Mayorquin.

13    THE COURT:  Thank you.

14    THE CLERK:  United States of America versus Ramon

15 Torres Mayorquin and David Mayorquin.

16    MR. VEGA:  Good afternoon, your Honor.  Gregory Vega

17 on behalf of Ramon Mayorquin, who is present before the Court,

18 on bond.

19    THE COURT:  Good afternoon.

20    MR. WILLINGHAM:  Good afternoon again, your Honor.

21 David Willingham, who is present, on behalf of David Mayorquin,

22 who is also present on bond.

23    THE COURT:  Thank you.

24    THE CLERK:  Who's here to represent the corporation?

25    MR. WILLINGHAM:  That is Mr. David Mayorquin.

1          THE CLERK:  Mr. Mayorquin, please raise your right

2  hand.

3          (Mr. David Mayorquin duly sworn.)

4          DEFENDANT DAVID MAYORQUIN:  Yes, I do.

5          THE CLERK:  Thank you.  You may lower your hand.

6          Mr. Mayorquin, you appear for -- you appear for the

7  defendant.  Is the defendant ready to plead?

8          DEFENDANT DAVID MAYORQUIN:  I am.

9          THE CLERK:  How does the defendant, Blessings, Inc.,

10  plead to Count 1 of the Indictment?

11          DEFENDANT DAVID MAYORQUIN:  Guilty.

12          THE CLERK:  Thank you.

13          David Mayorquin, is that your true name?

14          DEFENDANT DAVID MAYORQUIN:  That is my true name.

15          THE CLERK:  You are hereby informed that a

16  Superseding Information has been charged -- charged -- charging

17  you with unlawful importation of wildlife.

18          Counsel, have you received a copy of the Superseding

19  Information and do you waive further reading?

20          MR. WILLINGHAM:  Yes, your Honor.

21          THE CLERK:  You are further informed that you have

22  the right to be represented by counsel at all proceedings

23  before the Court.

24          You have the right to remain silent.  You have the

25  right to a trial by jury.  You have the right to confront and

1  cross-examine any witnesses who testify against you.  And you

2  have the right to have witnesses subpoenaed to testify on your

3  behalf.

4  How do you now plead to the count (indiscernible),

5  Superseding Information (indiscernible)?

6  MR. WILLINGHAM:  Counts 1 and 2?

7  THE CLERK:  Yes, Counts 1 and 2 of the Superseding

8  Information.

9  DEFENDANT DAVID MAYORQUIN:  Guilty.

10  THE CLERK:  Ramon Torres Mayorquin, please raise your

11  right hand.

12  (Defendant sworn.)

13  DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

14  THE CLERK:  Thank you.  You may lower your hand down.

15  Ramon Torres Mayorquin, is that your true name?

16  DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

17  THE CLERK:  Do you now desire to withdraw your former

18  plea of not guilty to Counts 12 of the Indictment charging you

19  with importation contrary to law and aiding and abetting and

20  pleading guilty?

21  DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

22  THE CLERK:  How do you now plead to Count 12 of the

23  Indictment?  Guilty or not guilty?

24  DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes,

25  guilty.

1    THE CLERK:  Counsel, do you waive reading of the

2 count?

3    MR. VEGA:  I do.

4    THE CLERK:  Okay.

5    (Pause.)

6    THE COURT:  All right.  Good afternoon, everyone.

7    THE PARTIES:  Good afternoon, your Honor.

8    THE COURT:  Before I begin, I just want to make sure

9 I understand what David Mayorquin, in his personal capacity,

10 wishes to do.

11    I've received a consent from David to proceed before

12 me in the charge against -- the charge to which he's pleading

13 guilty, as we know, is a Class A misdemeanor.

14    I just want to make sure that we're on the same page.

15 That you were going to be consenting to me not only to take the

16 plea but also to do the sentencing as to David only.  Is that

17 correct?  Or did you intend that he be sentenced by the

18 district judge, as will be the case with the corporation and

19 Ramon?

20    I'm not -- I'm not soliciting extra work, but I do

21 have a form that would make me think that that's the case.

22    (Pause.)

23    MR. WILLINGHAM:  Your Honor, we -- we have not

24 actually discussed that and -- nor with the prosecutor.  And

25 the intent, in signing the waiver, had been to have the

1  sentencing take place all at once before Judge Benitez.

2       THE COURT:  All right.  That is the most efficient

3  way to proceed.  (Indiscernible) so.

4       (Court and clerk conferring off the record.)

5       THE COURT:  Okay.  So I'm going to have Rhea give you

6  a different consent form.  Thank you.  Thank you for

7  clarifying --

8       MR. WILLINGHAM:  We'll ask for feedback throughout

9  the -- while we're still going, your Honor.

10       THE COURT:  I'm sorry?

11       MR. WILLINGHAM:  If you want to proceed with

12  Mr. Ramon Mayorquin, we can get that signed and returned.

13       THE COURT:  Okay.  Yes, I can get it started.

14       All right.  First of all, addressing David just as to

15  this issue.

16       David Mayorquin, I have before me what appears to be

17  a resolution of -- or minutes of a board meeting of Blessings,

18  Incorporated.  It indicates the board had a quorum on that on

19  March 23rd, 2018.  That it has reviewed all of the pertinent

20  documents and agrees with the terms of those documents, and

21  authorizing you to enter into the agreement and enter a guilty

22  plea on behalf of the company.

23       I just want to confirm that that is the case.

24       DEFENDANT DAVID MAYORQUIN:  That is the case.

25       THE COURT:  Thank you.

1        MR. WILLINGHAM:  May I approach, your Honor?

2        THE COURT:  Yes.

3        MS. PIERSON:  Just for the Court's information, the

4   form that we provided is the only consent form for a

5   misdemeanor on the district court website.  All -- all the

6   other forms are for felonies (indiscernible).

7        THE COURT:  That's a -- that's a good point.

8        THE CLERK:  That's correct.

9        (Pause, Court and clerk conferring off the record.)

10       THE COURT:  Okay.  Okay.  You're absolutely right.

11       MR. WILLINGHAM:  I would (indiscernible) strike the

12  word "felony" and enter "misdemeanor," your Honor.

13       THE COURT:  That's fine.

14       (Pause.)

15       MS. PIERSON:  I don't believe a waiver of Indictment

16  is necessary for a Class A misdemeanor, though.

17       THE CLERK:  Okay.

18       MS. PIERSON:  Just -- just the consent form.

19       THE CLERK:  Yeah, that's what -- I did it just in

20  case Judge Benitez -- Judge Benitez wanted it.

21       THE COURT:  All right.  Thank you.

22       Now, addressing both David -- David, I'll be

23  addressing you in your individual and corporate capacities.

24       And, Ramon, of course, in your individual capacity.

25       Gentlemen, as you know, you're under oath for today's

1  hearing.  If you give any false answers to questions I ask you,

2  those answers could later be used against you in a prosecution

3  for a separate crime called perjury or false statement.

4             Does each of you understand that?

5             DEFENDANT DAVID MAYORQUIN:  I do.

6             DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

7  Yes.

8             THE COURT:  Is either of you presently under the

9  influence of any alcohol, medication, or drugs?

10            DEFENDANT DAVID MAYORQUIN:  No, sir.

11            DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  No.

12 No.

13            THE COURT:  I've received a consent form on behalf of

14 each defendant, waiving the defendants' right to enter their

15 guilty plea in front of the judge who will sentence you.

16            Does each of you recall signing the consent?

17            DEFENDANT DAVID MAYORQUIN:  Yes.

18            DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

19            THE COURT:  And, David, in your case, do you recall

20 doing so on behalf of the corporation and you as an individual?

21            DEFENDANT DAVID MAYORQUIN:  I do.

22            THE COURT:  As a result of signing the consent or

23 consents, you will plead guilty before me today, and each

24 defendant will be sentenced by the district judge, Judge

25 Benitez, later on.

1          Is that what each of you wishes to do?

2          DEFENDANT DAVID MAYORQUIN:  I do.

3          DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

4          THE COURT:  Gentlemen, you have the right to a speedy

5    and public jury trial.  And this, of course, applies to the

6    corporate entity.  And the right to be convicted by evidence

7    beyond a reasonable doubt at that trial.

8          You have the right to have a lawyer represent you

9    throughout your case, including any trial, and the right to

10   have a lawyer appointed to represent you at no charge if you

11   are unable to afford counsel.

12         You have the right to confront and cross-examine the

13   witnesses against you, the right to have witnesses subpoenaed

14   to testify on your behalf, the right to testify and present any

15   defense you might have to the charges, and the right to stay

16   silent throughout all proceedings, including any trial.  By

17   pleading guilty today, all defendants will be giving up these

18   rights.

19         Do you understand that?

20         DEFENDANT DAVID MAYORQUIN:  Yes.

21         DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

22         THE COURT:  Addressing David now as to the corporate

23   entity.

24         The corporate entity is pleading guilty to Count 1 of

25   the Indictments, charging it with conspiracy.

1          The elements of this offense are, first, that

2     beginning on or about February 3rd, 2010, and ending on or

3     about July 22nd, 2012, there was an agreement between two or

4     more persons to commit at least one crime as charged in the

5     Indictment.

6          Second, an employee or agent of the defendant, acting

7     within the scope of employment for the benefit of the

8     corporation, became a member of the conspiracy knowing of at

9     least one of its objects and intending to help accomplish it.

10         And, third, one of the members of the conspiracy

11    performed at least one overt act on or after February 3rd,

12    2010, for the purpose of carrying out the conspiracy.

13         One of the offenses that is the object of the

14    conspiracy is exportation contrary to law in violation of Title

15    18 United States Code Section 554, and I'll now advise you of

16    those elements.

17         First, the employees or agents of the defendant,

18    acting within the scope of employment for the benefit of the

19    corporation knowingly exported merchandise contrary to law.  In

20    this case, failure to file a declaration in violation of title

21    16 United States Code Sections 1538(e) and 1540(b)(1).

22         In addition, the elements of the offense of failure

23    to file a declaration have these element -- the -- pardon me,

24    those elements are as follows, I should say.

25         First, an employee or an agent of the defendant,

1    acting within the scope of the employment for the benefit of

2    the corporation exported wildlife.  That is, sea cucumbers.

3            And, second, an employee or agent of the defendant,

4    acting within the scope of employment for the benefit of the

5    corporation, knowingly failed to file a declaration Form 3-177

6    in connection with the exportation.

7            Mr. Mayorquin, as the corporate representative, do

8    you understand that by pleading guilty to these elements -- by

9    pleading guilty today, I should say, the corporation will be

10   admitting each of the elements I just stated.

11           DEFENDANT DAVID MAYORQUIN:  Yes.

12           THE COURT:  Thank you.

13           Then addressing David Mayorquin in your individual

14   capacity.

15           You're pleading guilty today to a two-count

16   Superseding Information charging you with unlawful importation

17   of wildlife.

18           The events to which you're pleading guilty has these

19   elements:

20           First, that you knowingly imported fish or wildlife

21   into the United States.  And in the exercise of due care, you

22   should have known that such fish or wildlife had been taken,

23   possessed, transported, or sold in violation of or in a manner

24   unlawful under any foreign law or foreign regulations related

25   to Fish & Wildlife.

1   Mr. Mayorquin, if you plead guilty to this offense,

2   you'll be admitting those elements.  Do you understand that?

3   DEFENDANT DAVID MAYORQUIN:  I do.

4   THE COURT:  And then Ramon Mayorquin, sir, you are

5   pleading guilty to Count 12 of the Indictment, charging you

6   with importation contrary to law.

7   The elements of that offense are that you knowingly

8   imported merchandise contrary to law.  In this case, entry of

9   goods falsely classified in violation of Title 18 United States

10  Code Section 541.  The offense of entry of goods falsely

11  classified has the following elements.

12  First, that you knowingly effected the entry of

13  merchandise into the United States, and you knew such entry was

14  made upon a false classification as to the value of the

15  merchandise.

16  Ramon, if you plead guilty to this offense, you'll be

17  admitting these elements.

18  Do you understand that?

19  DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

20  THE COURT:  I'm now going to advise you of the

21  maximum penalties faced by each defendant.

22  The maximum penalties faced by the corporate

23  defendant are five years of probation; a maximum fine of the

24  greater of $500,000 or twice the gain or loss from the offense;

25  a mandatory special assessment of $400 per count; and

1  forfeiture of any property, real or personal, which constitutes

2  or is derived from proceeds traceable to the offense.

3          David, do you understand the maximum penalties the

4  corporation faces?

5          DEFENDANT DAVID MAYORQUIN:  I do.

6          THE COURT:  And, David, the maximum penalties you

7  face on the charge to which you are pleading guilty as an

8  individual -- which is a Class A misdemeanor -- are one year in

9  prison per count, a maximum of $100,000 fine per count, a

10  mandatory special assessment of $25 per count, and a term of

11  supervised release of one year per count.

12          In addition, you may be subject to an order of

13  restitution to victims of the offense, requiring you to repay

14  such persons as much as $40,000.

15          David, do you understand the maximum penalties you

16  face as an individual?

17          DEFENDANT DAVID MAYORQUIN:  I do.

18          THE COURT:  And let me address Ramon.

19          The maximum penalties you face are 20 years in

20  prison, a $250,000 fine, a mandatory special assessment of $100

21  per count, and a term of supervised release of at least three

22  years but no more than five years.

23          Ramon, do you understand the maximum penalties you

24  face?

25          DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

1    THE COURT:  Now, as to David and Ramon, if either of

2 you were to violate any of the terms of your supervised

3 release, depending upon the severity of the violation, you

4 could be returned to prison for the full amount of the

5 supervised -- supervised release term.  You would not receive

6 credit for the time you had already served in custody, and a

7 new term of supervised release could be imposed.

8    If a new term of supervised release were imposed and

9 you again violated the conditions of any new term of supervised

10 release, the process I just described could be repeated.

11    Does each of you understand that?

12    DEFENDANT DAVID MAYORQUIN:  I do.

13    DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

14    THE COURT:  Gentlemen, are you citizens of the United

15 States?

16    DEFENDANT DAVID MAYORQUIN:  I am.

17    DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

18    THE COURT:  The sentencing judge in this matter will

19 consider certain guidelines, known as the sentencing

20 guidelines, as to each defendant in determining the sentence.

21    Because those guidelines are advisory and not

22 mandatory, the sentencing judge is not bound by them and can

23 vary from the guideline recommendations and sentence you up to

24 the maximum we spoke about a few moments ago.

25    Does each of you understand that?

1    DEFENDANT DAVID MAYORQUIN:  I (indiscernible).

2    DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

3    THE COURT:  Has each of you discussed the sentencing

4  guidelines with your attorney?

5    DEFENDANT DAVID MAYORQUIN:  I have.

6    DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

7    THE COURT:  Does either of you have any questions

8  about those guidelines now?

9    DEFENDANT DAVID MAYORQUIN:  (Indiscernible.)

10   DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  No.

11   THE COURT:  Once each defendant is sentenced, that

12  defendant cannot withdraw the plea being made here today.

13   Does each of you understand that?

14   DEFENDANT DAVID MAYORQUIN:  I do.

15   DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

16   THE COURT:  Each of the plea agreements is signed on

17  the last page and initialed on each page.

18   Gentlemen, does each of you recall signing and

19  initialing the plea agreement?

20   And in the case of David, I am addressing you as --

21  again, as to both the plea agreement in your individual

22  capacity and in regard to the corporation.

23   DEFENDANT DAVID MAYORQUIN:  I remember.

24   DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

25   THE COURT:  Before each of you signed and initialed

1    the plea agreement or plea agreements, did you have a chance to

2    go over all of the terms of the agreement with your attorney?

3              DEFENDANT DAVID MAYORQUIN:  I did.

4              DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

5              THE COURT:  Did you have a chance to ask your

6    attorney any questions you might have had about the terms?

7              DEFENDANT DAVID MAYORQUIN:  I did.

8              DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

9              THE COURT:  Does either of you have any questions

10   about the terms of the plea agreement or plea agreements at

11   this time?

12             DEFENDANT DAVID MAYORQUIN:  No.

13             DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  No.

14             THE COURT:  And is each of you satisfied with the

15   advice you received from your -- from your attorney?

16             DEFENDANT DAVID MAYORQUIN:  I am.

17             DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

18             THE COURT:  With regard to the corporate entity,

19   there is a forfeiture addendum.

20             David, do you recall going over that document with

21   your attorney?

22             DEFENDANT DAVID MAYORQUIN:  I do.

23             THE COURT:  I should say, counsel for the

24   corporation, Mr. Willingham.

25             And do you recall signing and initialing that

1  document?

2      DEFENDANT DAVID MAYORQUIN:  I do.

3      THE COURT:  And did you have a chance to go over all

4  of the terms of that document with Mr. Willingham on behalf of

5  the corporation?

6      DEFENDANT DAVID MAYORQUIN:  Yes, I did.

7      THE COURT:  In your individual capacity, there was

8  also a fine addendum.

9      Do you recall signing and initialing that document?

10     DEFENDANT DAVID MAYORQUIN:  I do.

11     THE COURT:  Did you have a chance to go over the

12 terms of that document with counsel -- your counsel,

13 Mr. Willingham?

14     DEFENDANT DAVID MAYORQUIN:  I did.  (Indiscernible.)

15     (Pause.)

16     THE COURT:  In each of the plea agreements, there is

17 a paragraph numbered 11, and it contains a provision about

18 waiver of appeal and collateral attack.

19     Gentlemen, does each of you recall going over that

20 provision with your attorney before you signed and initialed

21 the plea agreements or the plea agreement in the case of

22 Mr. Mayor -- Ramon Mayorquin?

23     DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

24     DEFENDANT DAVID MAYORQUIN:  I do.

25     THE COURT:  And does each of you -- pardon me.

1          At the time you signed and initialed the plea

2     agreement or plea agreements, did you understand the rights

3     being given up as a result of agreeing to the provision about

4     waiver of appeal and collateral attack?

5          DEFENDANT DAVID MAYORQUIN:  Yes.

6          DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

7          MS. PIERSON:  Could the Court ask Mr. Mayorquin, as

8     well, about the restitution addendum to his plea agreement?

9     There were two addendums to his.  We went over the fine but not

10    the restitution.  There was a second addendum (indiscernible).

11         MR. WILLINGHAM:  May I approach, your Honor?

12         THE COURT:  Yes.

13         MS. PIERSON:  I think we may have -- (indiscernible).

14    I have -- I (indiscernible) a copy.  So I assume that --

15    that --

16         THE COURT:  The restitution payment?

17         MS. PIERSON:  There is a restitution addendum to it,

18    yes.

19         THE COURT:  Yeah.  This is as to David.

20         UNIDENTIFIED SPEAKER:  There we go.

21         THE COURT:  If you could approach, that's fine.

22    Thank you.

23         All right.  Again, addressing David Mayorquin.

24         Sir, I have been handed a copy of the restitution

25    addendum by your attorney.

1    Do you recall signing and initialing the restitution

2 addendum?

3    DEFENDANT DAVID MAYORQUIN:  I do.

4    THE COURT:  And did you have a chance to go over all

5 of the terms of that document with your attorney before you

6 signed and initialed it?

7    DEFENDANT DAVID MAYORQUIN:  I did.

8    THE COURT:  Mr. Willingham and Mr. Vega, has each of

9 you discussed the plea agreement or plea agreements thoroughly

10 with your client or clients?  And, in your opinion, do your

11 clients or does your client understand it in its entirety?

12    MR. WILLINGHAM:  Yes, your Honor.

13    MR. VEGA:  Yes, your Honor.  And, for the record, it

14 was read to Ramon in his native Spanish language word for word.

15    THE COURT:  Yes.  Thank you.  I should have asked if

16 the documents -- the pertinent documents have been translated

17 in Spanish so that, Ramon, you could fully understand them.

18    Is that the case?

19    DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Oh,

20 yes.

21    THE COURT:  All right.  Thank you.

22    All right.  Gentlemen, other than what the Government

23 promised you -- and, again, David, I'm addressing you in your

24 individual and corporate capacities.

25    In the plea agreement or plea agreements, has anyone

1    promised you anything else that has caused you to decide to

2    plead guilty?

3                    DEFENDANT DAVID MAYORQUIN:  No.

4                    DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  No.

5                    THE COURT:  Now, the facts that are stated -- factual

6    basis in each of the plea agreements is somewhat lengthy.

7                    I can either recite all of those facts and ask the

8    defendants if they are true or I can short-circuit this.

9    And -- if it's acceptable to counsel and the parties and -- ask

10   if they have reviewed those facts and if each and every one of

11   them is true.

12                   MR. WILLINGHAM:  That is acceptable on behalf of

13   Blessing and David Mayorquin.

14                   MS. PIERSON:  (Indiscernible.)

15                   MR. VEGA:  Yes, it's also acceptable on behalf of

16   Mr. Ramon Mayorquin.

17                   Thank you.

18                   David, if you will look at the copy of the plea

19   agreement that your counsel has, at page 4, continuing through

20   to page 7.  This is the factual basis for the corporation's

21   plea.

22                   Have you gone over all of those facts?

23                   DEFENDANT DAVID MAYORQUIN:  I have.

24                   THE COURT:  And did you have a chance to discuss all

25   of those facts with your counsel?

1    DEFENDANT DAVID MAYORQUIN:  I did.

2    THE COURT:  Sir, on behalf of the corporate entities,

3  is each of those facts true?

4    DEFENDANT DAVID MAYORQUIN:  Yes.

5    THE COURT:  Is the Government satisfied with the

6  factual basis for the plea of the corporation?

7    MS. PIERSON:  Yes, your Honor.  Thank you.

8    THE COURT:  And, Mr. Willingham, is the plea of the

9  corporation made voluntarily and with your concurrence?

10    MR. WILLINGHAM:  Yes, your Honor.

11    THE COURT:  Next, addressing David in your individual

12  capacity.

13    If you'll look at the copy of the plea agreement that

14  pertains to you individually at pages 3 through 5, did you go

15  over each and every one of those facts?

16    DEFENDANT DAVID MAYORQUIN:  I did.

17    THE COURT:  And did you have a chance to discuss each

18  and every one of those facts with your attorney?

19    DEFENDANT DAVID MAYORQUIN:  Yes.

20    THE COURT:  Is each and every one of those facts

21  true?

22    DEFENDANT DAVID MAYORQUIN:  Correct.

23    THE COURT:  Is the Government satisfied with the

24  factual basis for the plea of David Mayorquin in his individual

25  capacity?

1    MS. PIERSON:  Yes, we are.  Thank you.

2    THE COURT:  And, Mr. Willingham, is the plea of

3  Mr. David Mayorquin made voluntarily and with your concurrence?

4    MR. WILLINGHAM:  Yes, your Honor.

5    And then addressing Ramon Mayorquin.

6    The fact -- factual basis for your plea is set forth

7  on pages 3 and 4 of your plea agreement.  Mr. Vega is showing

8  you those facts and a copy now.

9    Have you gone over each and every one of those facts?

10   DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

11   THE COURT:  Did you have an opportunity to ask your

12  attorney any questions you might have had about any of those

13  facts?

14   DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

15   THE COURT:  And, Ramon, is each and every one of

16  those facts true?

17   DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

18   THE COURT:  Is the Government satisfied with the

19  factual basis for the plea of Ramon Mayorquin?

20   MS. PIERSON:  Yes, we are.

21   THE COURT:  And, Mr. Vega, is the plea of your

22  client, made voluntarily and with your concurrence?

23   MR. VEGA:  It is, your Honor.

24   THE COURT:  Gentlemen, after all we've talked about

25  here this afternoon and knowing the maximum sentence you might

1   receive -- again, with regard to David, I'm addressing you as

2   to your individual case and the case of the corporation and all

3   of the rights each defendant is giving up by pleading guilty,

4   does each of you still wish to plead guilty today?

5            DEFENDANT DAVID MAYORQUIN:  I do.

6            DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:  Yes.

7            THE COURT:  David, on behalf of the corporation, how

8   do you plead to Count 1 of the Indictment?  Guilty or not

9   guilty?

10           I should say, how does the corporate entity plead?

11  Guilty or not guilty?

12           DEFENDANT DAVID MAYORQUIN:  Guilty.

13           THE COURT:  Thank you.

14           And then, David, in your individual capacity, how do

15  you plead to Counts 1 and 2 of the Superseding Information?

16  Guilty or not guilty?

17           DEFENDANT DAVID MAYORQUIN:  Guilty.

18           THE COURT:  And, Ramon Mayorquin, how do you plead to

19  Count 12 of the Indictment?  Guilty or not guilty?

20           DEFENDANT R. MAYORQUIN THROUGH THE INTERPRETER:

21  Guilty.

22           THE COURT:  I find the plea of each defendant is

23  freely and voluntarily given with an understanding, knowing,

24  and intelligent waiver of each defendant's rights.  That each

25  defendant is competent to enter a plea.  And that there is a

1  factual basis for each plea.  I'll therefore recommend the

2  district judge accept each plea.

3         I'm going to advise you now of the date on which the

4  sentencing will take place before Judge Benitez.  It will be

5  July 16th, at 9:00 a.m.  And I'll exclude the time between

6  today and the sentencing date under the Speedy Trial Act, 18

7  United States Code Section 3161(h)(1)(G).

8         Counsel, am I correct that a presentence report is

9  requested for Ramon?

10         MS. PIERSON:  For all three of them.

11         THE COURT:  For all three.

12         Okay.  So I will order the preparation of a

13  presentence report as to each defendant.  And, finally, last

14  but not least, I'll vacate the motion hearing and trial setting

15  scheduled before Judge Benitez for April 16th at two o'clock.

16         Thank you again.

17         MR. VEGA:  Thank you very much, your Honor.

18         MR. WILLINGHAM:  Thank you.

19         (Conclusion of proceedings.)

20

21

22         -0-

23

24

25

*Certificate*

--oOo--

I certify, by signing below, that the foregoing is a correct
stenographic transcript of the oral proceedings had in the
above-entitled matter this 10th day of October, 2018.  A
transcript without an original signature or conformed signature
is not certified.  I further certify that the transcript fees
and format comply with those prescribed by the Court and the
Judicial Conference of the United States.

/S/ Amanda M. LeGore

_____

AMANDA M. LeGORE, RDR, CRR, CRC, FCRR, CACSR